Good morning, Your Honors, and may it please the Court. My name is Jeff Sklar from the law firm of Lewis Rocha Rothgerber in Tucson, Arizona. I'm pro bono counsel for the petitioner Jose Alfredo Ramirez Carrazco. This case presents the Court with a straightforward application of the Supreme Court's recent decision in Moncrieff v. Holder. In Moncrieff, the Supreme Court held that determining whether an alien's prior conviction for possession for sale of marijuana constitutes an aggravated felony that renders him ineligible for cancellation of removal. The Court must find that the conviction was not an aggravated felony unless the conviction required either remuneration or more than a small amount of marijuana. The Government contends that my client, Mr. Ramirez, is ineligible for cancellation because sometime around 1988, he was allegedly convicted of violating Section 11359 of California's Health and Safety Code, which criminalizes possession for sale of marijuana. But under Moncrieff, the Government's wrong. As the California courts have held, a conviction under Section 11359 requires neither remuneration nor more than a small amount of marijuana. Thus, and I said the application in Moncrieff was straightforward, Mr. Ramirez, my client, is eligible for cancellation of removal. Now, I don't think this Court has yet had the opportunity to interpret or to apply what it does. And really, it's two things. The first thing it does is it reaffirms the categorical approach as the appropriate approach in determining whether a state conviction is an aggravated felony. And it reaffirms the categorical approach in very strong terms. It says this is the proper way to do it in order to avoid the mini-trials, in order to avoid relitigating convictions that happened in the past. And so courts and immigration judges, when you're looking at whether a prior state crime is an aggravated felony, hew to that categorical approach. Don't go beyond it. And the second thing Moncrieff does is it provides clarification about how to apply that categorical approach when the prior state crime is a conviction for possession for sale of marijuana. And what it says is that the Court has to compare the state conviction not to the Federal felony under 21 U.S.C. 841A, but to that plus the modifier under Section 21 841B-4, which says that distribution of a small amount of marijuana for no remuneration is a misdemeanor, and therefore would not constitute an aggravated felony. So the question for this Court is, is Section 11359 of the California Health and Safety Code equivalent to a Federal felony or a Federal misdemeanor? And that analysis is pretty simple, because it's equivalent to a Federal misdemeanor if it doesn't require either remuneration or more than a small amount of marijuana. And before we go farther, the – a critical point here is that the government's actually already conceded that this statute does not require remuneration or more than a small amount of marijuana, because it said so in its merits brief in the Supreme Court. Footnote, I believe it's 16 of that brief, specifically points to Section 11359 as a state statute that doesn't require remuneration or more than a small amount of marijuana. So all this Court has to do is take the government at its prior position in concluding that my client's eligible for cancellation. But we can go further into the analysis and actually look at the statute and look at the California case law. Do we do this every time there's been a conviction of a – of an offense? Do we then go and look at the underlying facts? We don't look at the underlying facts. We compare the state crime to the Federal crime. And that's what Moncrief teaches us to do under the categorical analysis, and that's what this Court has done many times in evaluating these immigration cases. And so what we need to do is look at the – look at whether a conviction under 11359 requires either of the two elements that Moncrief discusses. First is remuneration. And we know that Section 11359 doesn't require remuneration because the California case law says that it – that the statute also prohibits the giving away of marijuana. And we cited the Perone case in our reply brief and also in our response to the government's supplemental letter brief, which says that specifically. As to the quantity of marijuana, more than a small quantity is not a necessary element under 11359. And in fact, if you look at the statutory language itself, what it says is that someone is guilty under the statute if they – and I quote – I'm going to get the tense wrong, I'm sorry – if they possesses for sale any marijuana. It's that key word, any. There's no quantity requirement. There's no limit that it be above a certain amount. A single marijuana cigarette is enough to constitute a conviction – to create a conviction under that possession for sale statute. And the government in its – Let me ask you on the remuneration. That's kind of where I'm trying to focus. Is it – does there need to be an act or just an intent? There's not much case law out there on what this remuneration requirement requires. There are some cases from some other circuits, Third Circuit, the Tenth Circuit, and the Second Circuit. And those aren't in my briefs. I only found them the other day. But those interpret 841b-4 and its remuneration. And it really – the cases all really take remuneration and more than a small amount of marijuana together. But what they say is that what 841b-4 is going after is social sharing of marijuana. And so if you have a situation where the defendant or the petitioner has been convicted of – or has been convicted under a statute that could allow for social sharing of marijuana, that's what you're getting at under 841b-4. And so if you go back and look at 11359, which talks about – where the case law talks about giving away marijuana, and the statute itself talks about any marijuana, you can see how that lines up with 841b-4. Giving away of any marijuana sounds a lot like social sharing. And just for a little more color for the Court, these cases that talk about remuneration and a small amount of marijuana under 841b-4, the Third Circuit case is called Catwell. It's 623F3. You know what's easiest on those is I think we still have a piece of paper that you can give us additional citations after the argument is over. Sure. And provide that also with a copy of the counsel. Sure. At any rate, the Third Circuit case actually goes back into the legislative history from 841b-4, and it talks about a statement from Senator Kennedy and a few others who say, you know, we really shouldn't be treating people who are sharing marijuana at a party the same way that we treat street corner drug dealers or worse. And 11359 under the case law covers those types of situations. So that's why categorically Section 11359 is consistent, is categorically equivalent to 841b-4. The other issue I want to touch on briefly is the identity issue that we raised in the last case, which is that the only documents that a court can consider in determining whether an alien was convicted of an aggravated felony are the documents set forth in Shepard. And those are a small subset of documents like the transcript of the plea colloquy, conviction documents, things like that. In this case, the immigration judge, in determining that my client was the Alfredo Ramirez who was convicted under 11359, he went far beyond just those Shepard documents. He did look at some of them and essentially admits on the record that there's not enough here in these documents to determine that that Alfredo Ramirez is the same person as my client. And so he looks at other things, like a purported admission from Mr. Ramirez that I wasn't able to locate in the record. He looks at this, mostly he relied on this addendum to a DHS report that by my count had three levels of hearsay and nobody available to be cross-examined on. There was that addendum includes an out-of-court statement by an FBI agent who says that she asked or, I'm sorry, by a DHS agent who says that she asked the FBI to conduct a fingerprint check. Then she relies on the statement by that FBI agent who relied on a rap sheet. And we haven't had a chance to hear from the DHS agent. We haven't had a chance to hear from the FBI agent. We haven't had a chance to see the rap sheet. Yeah, but your client knows. Have you had a chance to chat with him? I have chatted with him. But the point here is that we can only, is that under Young, we can only look at the Shepard documents. So that's a question if the BIA didn't address this issue, correct? It didn't, but it was raised. Right. I understand that. It was raised in his brief to the BIA. Right. But since the BIA didn't consider it, wouldn't our remedy here be to remand it? Because we can't consider it anew on appeal. I think he preserved it. And he's preserved it at all levels. So I think this court can engage in the analysis of the issue. Well, wouldn't, I mean, that would be, seem to be at odds with the Supreme Court and Ventura, wouldn't it? And so my question is, how can we do that under Ventura when the BIA didn't even mention his identity or establishment of his identity? It was raised at the immigration judge. He raised it. So it would be prejudicial to him. But I think the larger point here is the court doesn't even need to get to this issue. The court can. Well, if we agree with you on the Moncrief. Absolutely, yes. But if we didn't agree with you on that, then we need to know, you know, is this Mr. Alfredo Ramirez, this Mr. Alfredo Ramirez? And I think the instruction to the BIA, if the court decided to remand, would be limit your analysis to the Shepard documents. Don't do what the immigration judge did and look beyond what's in those documents. Just look at the Shepard documents, which, and the court can say what it wants to say in its decision, but those Shepard documents don't, don't demonstrate that my client is the Alfredo Ramirez. If there aren't any more questions, I'd like to reserve the remainder of my time. All right. Thank you. Good morning, Your Honors. May it please the court, Jem Sponzo on behalf of the respondent, the United States Attorney General. Petitioner received a full and fair hearing before the agency, inclusive of a remand by the board, to guarantee thorough exploration of his eligibility for relief and his competency to appear in his removal proceedings. Simply to begin where Petitioner left off with the Moncrief issue, as set forth in the government's 28J letter, it's simply not this case. 11359 specifies sale. As the state of California has defined that term, it's the case that we have. Sale is answered. That's part of conviction under California Health and Safety Code 11359. So if it's an element, did you say, element of the crime, it doesn't matter whether, you know, an actual sale took place. Correct. And we'd not need to reach amount here. It's simply not this case. I would be happy to provide supplemental briefing on this point if this is helpful. I know my 28J letter in this case is not the only time that's been submitted to this court. There are many of these cases. This is coming up with great frequency, given how Moncrief is not necessarily fully understood at this point. But we stand by our simple answer that it isn't this case. We have sale. Petitioner's status as a criminal is this case. Petitioner here has two separate convictions. Say that again. Becker is the same as this case? Becker is this case, as set forth in the government's brief. Petitioner's marijuana conviction is the aggravated felony that's a statutory bar to his eligibility for cancellation of removal. He is removable as a controlled substance offender. He does not dispute removability as such. He has presented no colorable constitutional claim or tenable legal question of law, pardon me, that would circumvent the jurisdictional bar given his status as an alien removable as a controlled substance offender. So the first answer is that dismissal of the petition for review is appropriate. But one last question. Let's say, you know, you get by retroactivity and you get by Moncrieve and he said, but I'm not. You haven't shown that I am the Alfred Ogunsalves in those documents. I appreciate hearing from the government on that point. Absolutely. The minute order, there is a minute order included. I can give the citation to the page. Sorry. It is at page 598. Of the certified administrative record. That minute order is a Shepard document. The minute order is appropriately relied upon under Shepard. That's set forth in the government's brief. So there is the first piece of the question of identity. The second is simply that these various aliases under which petitioner has been convicted, by which he has been known, they're all acknowledged by this court. They were all accepted by the agency. And it is his burden to establish eligibility for cancellation. That's part of the calculus in this case. Because he is removable as a controlled substance offender, because the relief he seeks is cancellation of removal, which was denied by the immigration judge in the exercise of discretion in the first instance. After the board remanded, the immigration judge relied upon his statutory ineligibility as an aggravated felon. But it is petitioner's burden to prove theoretically that he is not the individual connected to these convictions. My point is that where does it say that he hasn't met that burden? Where has he met his burden? Well, he made the argument that the record is not sufficient and that he has shown he's not Alfredo Ramirez. He made the argument, okay. Whether it will go anywhere, I don't know, maybe, I don't know if he's or not Alfredo Ramirez. But he made the argument, but the BIA didn't address it at all. You see what I'm saying? Correct. It's like a failure of a component of his argument here, because he says in his brief to the BIA, you know, that they erred on relying these evidence that was not concrete or substantial to identify him, including the fingerprint report and the analysis. So he raises that issue to the BIA. But then the BIA doesn't say anything. So wouldn't that require us to remand on that point? My very short answer is that by sustaining the finding he is statutorily ineligible for cancellation of removal because of the segregated felony conviction, the board affirms the finding below that he is the Alfredo Ramirez. He is the individual connected to that particular conviction. Let me say another word. Well, did the I.J. say in so many words that he is the person charged in that prior conviction? The I.J. actually in this case went to great and I would say admirable lengths to entertain and address Petitioner's claim he was not the individual convicted of that particular marijuana offense. That is what precipitated the introduction of what Petitioner would now have undermine the issue of identity, that fingerprint analysis. It was simply one of many pieces. The immigration judge similarly went to great lengths and significant back and forth with the DHS to introduce Petitioner's medical records in answering the question of competency. I guess I'm not going to win or not, but what bothers me is that I'm not sure that you can just, it happens a lot with the government. I don't mean it's because they're put in the place they are by the BIA, but to just say, well, they sustained it, so therefore they must have addressed it. When somebody has a very specific defense in their brief to the BIA, how do we know they even considered that? I mean, it's not a question of like, oh, they forgot to sell Fredo Gonzalez, and I think the IJ erred in that. And so how do we walk that fine line between saying, well, they must have considered it, and they have no idea if they considered it? I think here because we have the benefit of the agency agreeing that his status as an aggravated felon is the reason for his statutory ineligibility for cancellation, that we have finding petitioner an aggravated felon because of this marijuana conviction necessarily answers that the agency at both levels disagreed, did not find persuasive his identity claim. And again, it is his burden to prove eligibility for relief. And I think there is a helpful distinction here in that the immigration judge in petitioner's first hearing for him denied cancellation of his identification in the exercise of discretion. In the second hearing, after the board's remand, he denied cancellation, finding petitioner statutorily ineligible. To find petitioner statutorily ineligible because of this marijuana conviction necessarily discards the identity claim. If identity were still at issue, we'd not see the agency in agreement that petitioner is ineligible as an aggravated felon. I think there is a helpful distinction here in that the immigration judge in petitioner's first hearing for him denied cancellation of his identification in the exercise of discretion. To find petitioner statutorily ineligible because of this marijuana conviction necessarily discards the identity claim. To find petitioner  statutorily ineligible because of this marijuana conviction necessarily discards the identity claim. And again, I would note, everything the immigration judge did with respect to that fingerprint analysis, it was to petitioner's benefit. It is his burden in seeking cancellation of removal to establish eligibility for that relief. Part of that here in this case is establishing his claim that he is not the individual convicted of that particular offense. The immigration judge went to significant length to entertain that claim, to get pieces that would allow an informed decision. What about the claim that you, not you, that the I.J. considered improper documents under Shepard? We are fortunate that he did consider that minute order. That is a Shepard document. That is a Shepard document. And the minute order is 598? Yes, that's 598, I believe. That's what you're calling it. It's the preprinted form from the superior court in California where they check various things. Correct. As set forth in the government's brief, we cited that as the minute order. Perhaps at this point, the inquiry would be to determine whether or not that was an improper Shepard document. Right. I hope that maybe answers your question. I don't want to ‑‑ Well, on identity standing alone, that is his burden, correct? Correct. And he has a backhanded way of saying he meant that when he appeals to the BIA and says that the BIA relied on improper documents. Correct, Your Honor. Backhanded is the right word. But does that necessarily preclude him from really saying I am not that gentleman and the documents don't prove I am? He made exactly that argument before the immigration judge. The determination we have before us now is that he is that individual. He is known by all of these various names before this court. He was known by all of these names before the agency. He simply did not meet his burden, even with the benefit of every effort the immigration judge made to introduce additional documentation to distance himself from that marijuana conviction. I have your point. Thank you. Let me just follow up on what Judge McKeown was inquiring about. Don't ‑‑ aren't there a lot of cases, including in the immigration area, which say something like this, that when the petitioner raises a specific point, the BIA has the obligation to address that point? They do, Your Honor. And isn't that what Judge McKeown is saying, that they don't address it directly? I mean, you're arguing my implication, because they said, you know, all the findings of the IJ, well, none of the findings were clearly erroneous. They must have found that the finding that this is the same person is OK, right? But that's not directly addressing the question, is it? I would answer slightly differently. This isn't necessarily that clearly erroneous analysis. But it is that because the immigration judge found petitioner statutorily ineligible as an aggregated felon, he is necessarily the individual convicted of that marijuana offense. The difficulty with that is it's like saying because the BIA determined that this person was a convicted felon, that the petitioner had not shown past persecution, he's ineligible, and no future persecution is ineligible for asylum. And therefore, by implication, must have addressed the arguments he made below and that he has on appeal. It would kind of take the guts out of the doctrine that we have to know what the BIA decided on, because they always use all the magic statutory language, of course. So if that's all you need, then what do those cases mean that say if you raise a specific issue that I.J. has to deal with? They operate to achieve exactly what we have here. Perhaps if we look at it working backwards from the remedy he seeks is cancellation of removal. That is the relief at issue. The board dismisses his appeal from the denial of cancellation of removal, because they agree that he is statutorily ineligible as an aggravated felon. That he raised to the board the issue of identity. If identity was dispositive, if the board viewed that finding by the immigration judge differently, they'd not sustain his statutory ineligibility for cancellation as an aggravated felon. And the fact that the burden is squarely on Petitioner is also instructive in how the board framed its decision in this case. This is unique relief insofar as from the very beginning, it is Petitioner's burden to show that there are no bars to eligibility, even more so here. Petitioner is a lawful permanent resident. That's the manner in which he was admitted to the United States. There are additional protections, but to show there are no bars to eligibility for relief, and to then show he merits relief in the favorable exercise of discretion. I believe that is how I read the board's decision, working backwards from. I see that my time has run. Thank you. The government argues that the immigration judge went to, her words were, admirable lengths to determine the identity of the person who was convicted in California. Is he now denying, are you on his behalf denying that he is the individual? I'm not denying that. Standing here today, I honestly don't know. Did you discuss it with him? I don't want you to reveal attorney-client privilege. But it's a critical issue, isn't it? It absolutely is a critical issue. It should have been resolved before we get to this point, shouldn't it? Absolutely. And this record indicates without a doubt how the government dealt with it, doesn't it? It indicates how the government dealt with it. It indicates how the immigration judge and the board of immigration appeals dealt with it. Doesn't he have the burden on this? Yes, he does. So it's a rather ironic situation where he has the burden to show I am not that Alfredo Gonzalez. So the immigration judge goes through and says, well, here's all the information we have, and I conclude you are Alfredo Gonzalez, thereby you haven't proved that you are not Alfredo Gonzalez. It is ironic, and it's to some degree an effect of the fractured opinions that come out of Young. No, no, no, it's an effect of the number of names he used. Well, he did use a lot of different names, or at least there's the possibility that he would. Isn't that what raises the question in the first place? That's part of it, but part of it is the... And the only person who really knows whether he's today this person that he has once used, that person that he's once used, he's used all the names, and he has the ability to prove it one way or the other. And as an officer of the court, you're telling us there's still confusion? The point is whether the burden has been satisfied based on the documents that are available to the court, and that's the limited set of documents that are available on the checkbook. But the burden is his burden. The burden is his burden. So he has to say, the court has these documents in front of it, and he says, but I'm not that Alfredo Gonzalez. Okay. In fact... Prove it up. Well... And he hasn't, right? Well, I think he... Maybe we should ask it a different way. What is the evidence from him that he is not Alfredo Gonzalez in the record? He's not permitted to present any evidence that's outside of the Shepard documents, and that's part of what makes this very difficult under Young. But all you can... Why is he not permitted? As I read Young, and maybe I'm reading it incorrectly, the only documents that he's allowed to present under the analysis of whether he is eligible for cancellation are the Shepard documents. Well, but underlying that, I think, is the unstated assumption that Shepard applies to both sides. All right. Shepard applies not just to the government, but to the applicant, right? Is that what you're saying? Young says that. Right? Now, but going back beyond that, though, I just recall now, we have a case that says specifically, in this posture, in other words, where the petitioner has the burden of proof, if the record is ambiguous, the petitioner loses. We have cases specifically say that, right? That's true in the context of conducting a modified categorical analysis as to whether the particular portion of a divisible statute he was convicted under gives rise to eligibility for cancellation or not. I think the difference here is there are a lot of people out there named Alfredo Ramirez, and my client's burden is only to prove by a preponderance of the evidence. You're here, and you're a young man with a great future. Never let one client cause you to put your own reputation in jeopardy. If he is not, there certainly was an opportunity to prove that he was not. And as his counsel, if that's critical, and he's told you that he's not, we shouldn't have that argument today. Do you think? I appreciate that, Your Honor. Well, but just a minute now. I don't think it's counsel's burden to, you know, make a finding on his own. The identity of the petitioner, it's his burden to look at the record and to determine whether the record supports the judgment of the BIA. And we're here only on the record, correct? That's correct. Now, so I don't think, you know, your belief to me doesn't matter either way now. But on that record, your your best argument probably is even though you have the burden to say, well. And I think I don't know what the answer is, but I think this is what Judge McKeown is trying to get to. It's pretty clear to me what the IJ determined. But it's not clear to me whether the BIA, in fact, answer the question raised on appeal from the IJ. Maybe we can infer that. Maybe we can't. I think that's what we have to decide. But I think that there's also another wrinkle in this case. And that wrinkle is that you're suggesting you can't have the non-Shepard documents. And then I believe I heard the government say, well, if you look at 598, which is that preprinted form, that is sufficient. And a Shepard document. And a Shepard document. But as I understand it, that was not the basis for the underlying decision, correct? That was only one of many documents that the immigration judge looked at. And my point here is not to misrepresent anything to the court. And it's certainly not my intention to to offend or to say that the record. Well, you don't offend me, but you but I just thinking about your own future, you don't want to miss. It was critical whether they've got the right man or whether they haven't, and everybody ought to be concerned about it. We should. Everybody should. Absolutely, Your Honor. If he's disgusted with you and denied that he is and somehow thought that that should be the record because he had he had the burden to prove. You don't have any obligation to reveal here any of your privileged communications because we are looking solely at the BIA's records. So then my question is if the government says 598 solves the problem, what is your response to that? That 598 clearly does show that someone by the name of Alfredo Ramirez was convicted under that statute. What it doesn't have is anything like a birth date, a Social Security number, anything that can be that can connect that Alfredo Ramirez to my client. All right. Okay. There's no further questions. I do want to thank you for participation in the pro bono program. It's very helpful to the court. And I know we generally hear from the attorney general's office that they appreciate having a well-reasoned brief to respond to. So I also thank you, Ms. Ponson, for your argument this morning. The case just argued. Ramirez-Carrasco is submitted and we're adjourned. Thank you.
judges: Farris, Tashima, McKeown